**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**JAMES E. ROLLINS, Jr., et al,**

     **Defendants.**                 **Case No. 05-cr-30133-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, District Judge:**

**I.  <u>INTRODUCTION</u>**

Defendant James Rollins, Jr. ("Defendant" or "Rollins"), was indicted, along with eleven other defendants in this case.  Rollins, in Count One of the Indictment (Doc. 1), was charged for conspiring with co-defendants Richard Pittman, Tamiesha Williams, Shirley Mae Pittman, James E. Rollins, Sr., John Frost, Rudy Slack, Eric Spruill, Alan Taylor, Talia Pittman and Veronica Marshall to "knowingly and intentionally manufacture, distribute, and possess with intent to distribute diverse amounts of cocaine and fifty grams or more of a mixture or substance containing cocaine base, in the form of, or commonly known as, "crack" cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846."

He was also charged in Count Five of the Indictment, along with co-defendants Richard Pittman, James E. Rollins, Sr., John Frost and Shirley Mae Pittman, for "knowingly and intentionally distribut[ing] five hundred grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)." The remaining Counts in the 18-Count Indictment charge the various co-defendants with acts of distribution of narcotics in furtherance of the alleged conspiracy for which Rollins is charged in Count One, as well as various use of telephonic equipment in furtherance of the conspiracy as pled in Count One.

Defendant Rollins has filed an Amended Motion to Sever (Doc. 262), pursuant to **FEDERAL RULES OF CRIMINAL PROCEDURE 8** and **14**, seeking a trial separate from his co-defendants.[1] The Government has filed its Amended Response (Doc. 265), opposing a severance, but also requests the Court additionally consider its initial Response (Doc. 242). Based upon the parties' arguments and the applicable law, Rollins's Amended Motion (Doc. 262) must be denied for the following reasons.

---

[1] This Amended Motion and a Motion to Sever (Doc. 251) filed by co-defendant Shirley Pittman are near mirror images of each other and will essentially be addressed in an identical manner.

## II. <u>ANALYSIS</u>

### A.      Legal Standard

The joinder of multiple defendants in an indictment is allowed under **Federal Rule of Criminal Procedure 8(b)** when the Government has alleged that the defendants "have participated in the . . . same series of acts or transactions constituting an offense or offenses." ***United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983)(quoting Fed. R. Crim. P. 8(b) and citing *United States v. Garza*, 664 F.2d 135, 142 (7th Cir. 1981),** *cert. denied***, 455 U.S. 993, 102 S. Ct. 1620 (1982))**.  As in ***Ras***, the Defendants in this case appear to have been properly joined in a single indictment as "[a]ll counts of the indictment [deal] with acts committed by the defendants in furtherance of a single, ongoing conspiracy.  The charge of conspiracy in Count 1 serve[s] to link the substantive counts against the various defendants . . . satisf[ying] the relatedness requirement of **Rule 8(b)** and justif[ying] joinder." ***Id.***

Once it is determined that the defendants have been joined in accordance with **Rule 8**, the moving defendant may only be entitled to a severance pursuant **Rule 14** if proven that this joinder will be prejudicial to that defendant, as joint trials (when dealing with charges such as conspiracy) are generally favored for their efficiency. ***Id.* (citing *United States v. Tanner*, 471 F.2d 128, 137 (7th Cir. 1972));** *see also **United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988); *United States v. Sophie*, 900 F.2d 1064, (7th Cir. 1990)**.  In fact, this is

a "heavy burden" for the moving defendant to establish, as it is not enough to merely show "that a separate trial would result in a better chance acquittal . . . ." **Williams, 858 F.2d at 1224 (citing *United States v. Moschiano*, 695 F.2d 236 (7th Cir. 1982)).** Instead, the moving defendant must demonstrate that he or she would be unable to obtain a fair trial without a severance. ***United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993).**

**B.     Severance**

In his Motion, Rollins offers several different conclusory bases for granting a severance. First, he states that his "co–defendants can offer critical exculpatory evidence and testimony on [his] behalf," but that at a joint trial, he will be prevented from calling them as witnesses due to their privilege against self-incrimination (Doc. 262, ¶ 1), as well as "it is believed that one or more co-defendants may give testimony favorable to [him] if he obtains a separate trial" (*Id.* at ¶ 6). Additionally, Rollins argues that his defense may be dependent on testimony from co-defendants (*Id.* at ¶ 2). When a moving defendant offers such grounds for severance, a district court must consider three factors: (1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would testify; and (3) whether the testimony would bear on the defendant's case. ***Id.***

In this case, Rollins has offered absolutely nothing of substance to bolster his assertions – at best, the issue of whether his co-defendants would testify with exculpatory information on his behalf remains entirely speculative. Yet, it is a

requirement in the Seventh Circuit that the moving defendant provide some evidentiary support regarding the possibility of co-defendant exculpatory testimony, "such as an affidavit or recorded testimony," otherwise a severance "cannot be granted on the basis of a vague, unsupported assertion that a co[-]defendant would testify favorable in a separate proceeding." **United States v. Studley, 892 F.2d 518, 525 (7th Cir. 1989)(quoting United States v. Andrus, 775 F.2d 825, 847 (7th Cir. 1985))**.  Thus, the Government is correct in its assertion that Rollins has failed in meeting his burden in this regard to warrant a severance.

A second basis for severance offered by Rollins is that his co-defendants may have "mutually exclusive defenses requiring the conviction of one and the acquittal of the other," and that the attorneys for co-defendants "could make adverse inferences" about his post-arrest silence or decision not to testify" (Doc. 262, ¶¶ 3 & 7).  Likewise, if a co-defendant does decide to testify on his or her own behalf, Rollins fears he would either then be forced to testify on his own behalf or have the jury make an adverse inference from his silence (*Id*. at ¶ 4).  A jury, argues Rollins, may not be able to "compartmentalize the evidence as it relates to the separate Defendants in order to make an independent determination of guilt" (Id. at ¶ 5).

However, "mutually antagonistic defenses," as postulated by Rollins, are not enough to warrant a severance absent a showing of "prejudice to some specific trial right." **United States v. Mietus, 237 F.3d 866, 873 (7th Cir. 2001)(internal citations omitted)**.  In fact, juries are typically "presumed capable of sorting through

the evidence and considering the cause of each defendant separately" – even when there are multiple counts in an indictment. **Williams, 858 F.2d at 1225**. Therefore, absent any showing whatsoever by Rollins, the Court again finds that the Government's position prevails and a severance is not warranted on these grounds either.

Even considering grounds for severance as laid out in **Bruton v. United States, 391 U.S. 123 (1968)**, the Court cannot find, at this time, that Rollins has truly shown any cause for concern. **Bruton** held that a defendant's Sixth Amendment right to confront witnesses can be violated when the confession or statement of a co-defendant, directly implicating the other defendant, is admitted at trial and the co-defendant cannot be cross-examined about this implication due to the Fifth Amendment privilege against self-incrimination. **Id. at 126-27**. In its Response, the Government cites several United States Supreme Court, as well as Seventh Circuit cases which allow a district court the discretion to admit into evidence at trial, a co-defendant's post-arrest statement or confession that has been redacted in order to remove any references which may implicate the moving defendant (Doc. 242, p. 5). Because the Government does not directly state that it intends to use such evidence and that it would redact implicating reference to Rollins, the Court therefore advises that should the Government become aware of a statement or confession of a co-defendant which would serve to implicate Rollins, then the matter should be brought to the Court's attention as soon as possible in

order to determine whether a severance is needed.

As far as the argument Rollins makes that a separate trial is necessary to protect against the possibility that co-defendants' attorneys may comment upon or make adverse inference regarding his failure to testify, the Court reminds him that such behavior by any other counsel would be considered a violation of his Fifth Amendment privilege against self-incrimination. *See, e.g., United States v. Butler*, **71 F.3d 243, 254 (7th Cir. 1995)(citing *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965))**.  Rollins could then be protected by the Court's ability to then determine whether he, in fact, received a fair trial, in light of this constitutional violation.  *Id.* **at 254-55**.  Currently, his concern amounts to nothing more than mere speculation, which cannot be deemed reason enough to sever him trial from his co-defendants.

### III.  CONCLUSION

Because defendant James E. Rollins, Jr., has failed to meet the requisite burden to show why a severance would be warranted pursuant to **Rule 14**, his Amended Motion (Doc. 262) must be **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of December, 2006.

/s/          David  RHerndon
**United States District Judge**