IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES E. ROLLINS, JR.,

    Defendant.                         Case No. 05-CR-30133-5-DRH

## ORDER

**HERNDON, Chief Judge:**

On October 22, 2007, the Court entered an Order (Doc. 615) granting defendant James Rollins, Jr.'s Motion for Extension of Time to File Notice of Appeal (Doc. 614), allowing Defendant until November 8, 2007 to file Notice. Shortly after the Court issued its Order, the Government filed its Response to Defendant's Motion (Doc. 616), accompanying opposing memorandum (Doc. 617) and a Motion for Reconsideration (Doc. 618). The Government asks the Court to reconsider its Order granting Defendant an extension of time and to consider the Government's opposing Response. The Court will now consider the legal arguments raised by the Government's Response in determining its Motion to Reconsider.

To recount, in a criminal case such as this, a defendant appealing his sentence must file his notice of appeal in the district court within 10 days after the entry of judgment. **FEDERAL RULE OF APPELLATE PROCEDURE 4(b)(1)(A)**. **Rule 4(b)(4)**, which allows for extensions to that 10-day window under certain

circumstances, states that "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." In this case, Defendant's 10-day window to file his Notice of Appeal ended on October 9, 2007. Defendant's Motion for Extension of Time (Doc. 614) explained that although Defendant advised his counsel during sentencing that he did not want to appeal the judgment, counsel received a letter from Defendant from prison, dated September 29, 2007, stating that he did, in fact, wish to appeal. The Motion also stated that counsel's office did not receive Defendant's letter until the week of October 15, 2007. Counsel asserted that this demonstrates good cause and excusable neglect: Defendant expressed his desire to appeal prior to the October 8, 2007 filing deadline. Yet, through no fault of his own, Defendant's letter did not reach counsel until approximately one week after the filing deadline. The Court found that the standard under **Rule 4(b)(4)** was met and extended Defendant's filing deadline to November 8, 2007. The Government opposes a finding of good cause or excusable neglect and asks that the Court reconsider its Order.

To determine whether "excusable neglect" exists for granting the extension, the Seventh Circuit applies the same four-part test as the Supreme Court did in ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)**, by which a Court examines: "(1) the danger of prejudice to the non-moving

party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant's conduct was in good faith. *United States v. Elliott*, 149 Fed. Apx. 489, 492-93 (7th Cir. 2005)(citing *Pioneer*; *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998)). "Good cause" appears to be a standard more applicable to when the delay is not attributable to the movant. *Id.* (citing *United States v. Hirsch*, 207 F.3d 928, 929 (7th Cir. 2000)(for the proposition " that the clerk's failure to perform a 'ministerial act whose omission could have serious consequences for a criminal defendant' would be good cause for filing a late appeal"); *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir.2004) (finding that the standard of "'good cause' applies in situations where the need for the extension is occasioned by something out of the movant's control")).

Focusing on the "excusable neglect" factors, the Government has not given adequate reason why it is prejudiced by this appeal, other than the fact that had a greater interest in finality of the matter as the 10-day time for filing a Notice of Appeal had passed without the Government having knowledge of Defendant's intent to appeal (Doc. 617, p. 4). However, Defendant's Motion (Doc. 614) was filed only eight days after the expiration of the 10-day window, a relatively short length of time. The only impact upon these proceedings is that the Government has had to oppose Defendant's request for extension and now faces the possibility of litigating

his appeal. The reason for the delay, it appears, is that Defendant's letter did not reach counsel's office in a timely fashion. It is unknown whether Defendant actually mailed his letter to counsel when he said he did, whether he included proper postage on the envelope or whether the letter was simply unnoticed by counsel until after the 10-day window had expired. ***See, e.g., United States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir. 2002)(finding district court did not abuse its discretion in granting Rule 4(b)(4) extension where the facts showed the that counsel's office may have had a "serious potential problem of communication with the client," and therefore extension "allowed counsel to mend a potentially disastrous lapse in representation.")**. In other words, it is impossible to tell whether the delay was because of, or outside of, Defendant's reasonable control.

This segues into the last factor, which considers whether the movant acted in good faith. Although, as the Government points out, Defendant has failed to attach any exhibits to his Motion, such as a copy of the envelope showing the postmark date, in the interests of preserving Defendant's right to appeal and with no evidence to the contrary, the Court finds Defendant acted in good faith. The fact that Defendant's letter was dated September 29, 2007, aids the Court in its belief that the Defendant's intent to communicate his change of heart to appeal existed fairly early on after his sentencing – five days after his judgment was entered by the Court (Doc. 598). This time span better evidences the result of several days of contemplation rather than Defendant's fickleness.

***Pioneer*** held that the "excusable neglect" test is based upon equitable principles, "taking account of 'all relevant circumstances surrounding the party's omission.'" ***United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998)(citing *Pioneer*, 507 U.S. at 395)**. The Seventh Circuit also found such an equitable balancing test may find reason to excuse the filing delay, "even where the reasons for the delay are not particularly compelling." ***Id.* at 997**. Therefore, given that the length of delay was relatively short and had little impact on these judicial proceedings, that Defendant appears to have attempted to communicate his intent to file a notice of appeal within the 10-day window in good faith, and because it does not appear the extension will cause undue prejudice to the Government, the Motion to Reconsider (Doc. 618) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 7th day of November, 2007.

/s/   DavidRHerndon
**Chief Judge
United States District Court**